UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

James Burke, <u>Pro-se</u>,    )
    Plaintiff,          )
                        )
Vs.                         )       <u>Complaint</u>
                        )
Lauri Laroca &              )
Enterprise Rent a Car, et al. )
    Defendant(s).       )

## JURISDICTION

#1. Jurisdiction is based on 28 U.S.C. 1345 and 1348.

## PARTIES

#2. Defendant Lauri Laroca is a Citizen of this State and the Chittenden County, State of Vermont branch manager of Enterprise Rent A Car.

## PARTIES

#3. Defendant Enterprise Rent A Car is a Corporation with offices in Chittenden County, State of Vermont.

## PARTIES

#4. Plaintiff James Burke, <u>Pro-se</u>, is a Citizen of Chittenden County, State of Vermont.

#1. OF 9.

COMPLAINT

#5. Discovery will show that on or about Feb. 1st, 2003, Plaintiff James Burke responded to a job add in the Burlington, Vermont Free Press about a car prep/ drivers job with Enterprise Rent A Car for $12.00 dollars an hour.

#6. Plaintiff Burke was informed by staff manager Lauri Laroca to come in to her office and fill out a application for employment pursuant to his phone call to her office.

#7. Plaintiff was hired by the staff at Enterprise Rent A Car after they did a credit check and drivers lic. check on him.

#8. Plaintiff has a class (A) C.D.L. truck drivers lic. with health card and also a good credit history.

#9. Upon being hired, Plaintiff was informed that Enterprise Rent A Car would keep a employee file on him and if Plaintiff violated company rules that had been discussed with him he would receive a write up for the first policy violation, for a second policy violation Plaintiff would receive a write up and sent home for the rest of the day and for a third policy violation Plaintiff would be terminated from working for Enterprise Rent a Car.

#10. Plaintiff singned all the company paper work and shortly after started working for both Enterprise Rent A Car offices at the Burlington Vermont Airport and office on Williston Rd. in South Burlington, Vt. .

#11. Plaintiffs job called for him to drive Enterprise Rent a cars, vans & trucks to the Burlington, Vt. Enterprise Rent a Car parking areas after he cleaned them and filled the washer fluid under the hoods and filled the gas tanks.

#12. Plaintiffs Enterprise Rent A Car work also called for him to transport customers, cars, trucks & vans all over the State of Vermont with round trips adding up to over twohundred miles driving a day in any kinds of wheather & road conditions.

#13. Plaintiff thought he was working for $12.00 dollars an hour pursuant to the Burlington, Vt. Free Press news paper job add he had responded to and was surprised when he received his first pay check indicating that he was only making $7.00 dollar an hour.

#14. Plaintiff talked with branch manager Lauri Laroca about the bait & switch false news paper add and that he was only being payed $7.00 dollars an hour when the add said $12.00 an hour and Lauri Laroca said she would pay  $8.00 dollars an hour from then on.

#15. Plaintiff later found out from the current Enterprise staff that this bait & switch false news paper add was the reason that several others before him had in fact stopped working for this Company.

#16. Plaintiff was also informed by Lauri Laroca that he would be working only for the Airport Enterprise office and as a result was given a Airport parking pass that all Airport employees need to use for there personal cars.

#17. After working for the Airport office for a while and getting credit for the good work Plaintiff was doing pursuant to his weekly written work schedule which required a lot of over time work records will show, Plaintiff was on his own time, driving to work in his personal car to full fill his days

written weekly posted work schedule and stopped at the Airport cross walk stop sign area to let others walk across the street.

#18. When Plaintiff could see that it was clear to drive he started across the cross walk area with out braking traction, however a Airport police officer mistakenly thought Plaintiff had broken traction and as a result wrote Plaintiff a bogus traffic citation.

#19. Upon checking in for work early at the Airport Enterprise office Plaintiff informed the staff that he had just received a bogus traffic citation in his personal car on his own time and that he was going to contest it in traffic Court.

#20. Plaintiff worked his full shift according to his posted weekly work schedule and checked out and drove home.

#21. Upon arriving the next day at the Airport Enterprise office to full fill Plaintiffs posted weekly work schedule, asstaint manager Alex P. informed Plaintiff that he was very sorry to say he had to let Plaintiff go according to Lauri Laroca who had informed Alex P. that for the sole reason of plaintiffs traffic citation Plaintiff was to be fired.

#22. Plaintiffs Traffic citation was later dismissed at the Court hearing for lack of evidence.

#23. Plaintiff called Lauri Laroca on the phone and informed her he had been cleared in traffic Court of the citatation that had gotten him fired and requested his job back together with back pay and she refused saying (take me to Court).

#4. OF 9.

#24. Plaintiff never received a company write up in employee file and in fact depositions will show he was in fact given several hours of over time because of the good work he was doing.

#25. According to a Burlington, Vt. City ordinance, all Airport employees shall be payed over $10.00 dollars an hour and defen. violated this ordinance in Plaintiffs case.

#26. Defendants unlawful/unfair labor standards as stated above in this case was not only malicious/vindictive, but also in violation of Enterprise Rent A Car policy as discussed by staff with the Plaintiff, causing Plaintiff to not only suffer the loss of his earnings, but also emotional distress due to the economic hardships.

## DEMAND

#27. Compensatory damages in the amount of one Million dollars.

#28. Punitive damages in the amount of one Million dollars.

#29. Back pay according to the City ordinance.

#30. Trial By Jury.

#31. Any other relief the Court may deem just and fair.


Dated: 1-5-04

*Jim Burke* Pro-se
James Burke Pro-se
7 Farrell Street
So. Burlington, Vt.
    05406

UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | |
|---|---|
| James Burke, <u>Pro-se</u>,<br>    Plaintiff,<br><br>Vs.<br><br>Lauri Laroca &<br>Enterprise Rent A Car, et al.<br>    Defendant(s). | <u>Affidavit of James Burke</u> |

#32. I, James Burke, being duly sworn, depose and say that I am the Pro-se Plaintiff in the above-entitled civil matter.

#33. I further swear that discovery will show that I responded to a job add in the Burlington, Vt. Free Press about a car prep/drivers job with Enterprise Rent A Car for $12.00 dollars an hour.

#34. I was informed by staff manager Lauri Laroca to come in to her office and fill out a application for employment pursuant to my phone call to her office.

#35. I was hired by the staff at Enterprise Rent A Car after they did a credit check and drivers lic. check on me.

#36. I have a class (A) C.D.L. truck drivers lic. with health card and also a good credit history.

#37. I was informed that Enterprise Rent A Car would keep a employee file on me and if I violated company rules that had been discussed with me I would receive a write up for the first policy violation, for a second policy violation I would receive a write up and sent home for the day and for a third policy violation I would be terminated from working for Enterprise rent A Car.

#38. I filled out all the company paper work and shortly after started working for both Enterprise Rent A Car offices at the Burlington, Vt. Airport and office on Williston Rd. in South Burlington, Vt..

#39. My job called for me to drive cars, vans & trucks to the Burlington, Vt. Enterprise Rent A Car parking areas after I cleaned them, gased them & filled the washer fluid under the hood.

#40. My job also called for me to transport customers, cars, trucks & vans all over the State of Vermont with round trips adding up to over two hundred miles of driving a day in any kinds of wheather & road conditions.

#41. I thought I was working for $12.00 dollars an hour pursuant to the Burlington, Vt. Free Press news paper job add I had responded to and was surprised when I received my first pay check indicating that I was only making $7.00 dollars an hour.

#42. I talked with branch manager Lauri Laroca about the Bait & Switch false news paper add and that I was only being payed $7.00 dollars an hour when the add said $12.00 dollars an hour and Lauri Laroca said she would pay me $8.00 dollars an hour from then on.

#43. I later found out from the current Enterprise staff that this bait & switch false news paper add was the reason that several other before me had in fact stopped working for this company.

#44. I was also informed by Lauri Laroca that I would be working only for the Airport Enterprise office and as a result was given Airport parking pass that all Airport employees need to use for there personal cars.

#45. After working for the Airport office for a while and getting credit for the good work Plaintiff was doing pursuant to his weekly written work schedule which required a lot of over time records will show, I was on my own time, driving to work in my personal car to full fill my days written weekly posted work schedule and stopped at the Airport cross walk stop sign area to let others walk across the street.

#46. When I could see that it was clear to drive I started across the cross walk area with out braking traction, however a Airport Police officer mistakenly thought my car was the one who had broken traction and as a result wrote me a bogus traffic citation.

#47. Upon checking in for work early at the Airport Enterprise office I informed the staff that I had just received a bogus traffic citation in my personal car and on my own time and that I was going to contest it in Traffic Court.

#48. I worked my full shift according to my posted weekly work schedule and checked out and drove home.

#49. Upon arriving the next day at the Airport Enterprise office to full fill My posted weekly work schedule, Asstaint Manager Alex P. informed me that he was very sorry to say he had to let me go according to Lauri Laroca who had informed Alex P. that for the sole reason of my traffic citation I was to be fired.

#50. My traffic citation was later dismissed at the Court hearing for lack of evidence.

#51. I called Lauri Laroca on the phone and informed her I had been cleared in Traffic Court of the citation that had gotten me fired and requested my job back together with my back pay and

Lauri Laroca refused saying (Take me to Court).

#52. I never received a Company write up in my employee file and in fact depositions will show I was in fact given several hours of over time because of the good work I was doing.

#53. According to a Burlington, Vt. City ordinance, all Airport employees shall be payed over $10.00 dollars an hour and Defendants clearly violated this ordinance in my case.

#54. Defendants unlawful/unfair labor standards as stated above in this case was not only malicious/vindictive, but also in clear violation of Enterprise Rent A Car policy as discussed by staff with Me prior to my employment, causing me to not only suffer the loss of my earnings, but also emotional distress due to the economic hardships this caused me.

#55. I understand that a false statement in this affidavit will subject me to penalties for perjury, and/or possible dismissal of this case pursuant to 28 U.S.C. Section 1915(e)(2).

#56. I declare under penalty of perjury that the foregoing is true and correct.          Affiant _Jim Burke_ Pro-se
                                                James Burke
#57. Subscribed and sworn to before me on 24 oF DEC, at 2003 Newport, Vermont.       _____  02/07
                                        Notary Public (expires           )

#58. I have (PERSONAL-KNOWLEDGE) of the material facts in this civil matter.  Affiant _Jim Burke_ Pro-se Dated: 12-24-03.
                                James Burke

#9. OF #9.